**No. 24-1058**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

HUSSEIN NAJI, Personal Representative of the Estate of Ali Naji,

Plaintiff-Appellant,

v.

CITY OF DEABORN, MI and CORPORAL TIMOTHY CLIVE,

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of Michigan
Case No. 4:23-cv-10521; Hon. F. Kay Behm

**APPELLEES' MOTION FOR SANCTIONS AGAINST APPELLANT AND HIS ATTORNEYS FOR FILING A FRIVOLOUS APPEAL PURSUANT TO FRAP 38, 28 U.S.C. § 1927, AND/OR 28 U.S.C. § 1912.**

AUGUST LAW, PLLC

Gary K. August (P48730)
Michael C. Lewis (P59139)
Attorneys for Appellees
363 W. Big Beaver Road, # 410
Troy, MI 48084
248-833-6225

1

NOW COME Defendants-Appellees, CITY OF DEABORN, MI and CORPORAL TIMOTHY CLIVE, by and through their attorneys, August Law, PLLC, and hereby request this Honorable Court grant their Motion for Sanctions against Appellant and his attorneys for filing a frivolous appeal pursuant to FRAP 38, 28 U.S.C. § 1927, and/or 28 U.S.C. § 1912. In support of this motion, Defendants-Appellees state as follows:

1.      This is an excessive force case. It arises out of an incident on December 18, 2022, when Corporal Timothy Clive ("Clive"), then a 14-year veteran of the City of Dearborn Police Department, was forced to shoot and kill Appellant's decedent, 33-year-old Ali Naji ("Naji"). The entire shooting incident was captured on high quality videotape. The video footage shows Naji ambushing and attempting to kill Clive without any warning or provocation whatsoever. The video footage is indisputable; it vindicates Clive completely. As a result, Appellees immediately filed a motion for summary disposition based upon the video footage and the doctrine of qualified immunity. In a thorough, strongly written opinion, the United States District Court for the Eastern District of Michigan (Hon. F. Kay Behm) granted Appellee's motion and dismissed the case in its entirety. Appellant then filed this appeal.

2.      According to Rule 38, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and

reasonable opportunity to respond, award just damages and single or double costs to the appellee." Here Rule 38 sanctions are appropriate because the result the District Court reached was obvious and Appellant's arguments are wholly without merit. Appellant has no reasonable expectation of altering the District Court's judgment based on law or fact. This appeal could only have been filed to delay or harass, or out of sheer obstinacy. *See Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (briefly discussing the three legal standards raised herein); *accord Dubay v. Wells*, 506 F.3d 422, 432-33 (6th Cir. 2007).

3.      According to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 allows for sanctions when an attorney knows, or reasonably should know, that the claim is frivolous. *Id.*

4.      Similar to Rule 38, according to 28 U.S.C. § 1912, "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

3

5.      For the reasons explained in Appellees' brief on appeal, filed herewith, this appeal is frivolous because it violates the foregoing standards.  Many of the assertions in Appellant's brief are patently untrue.  Indeed, it appears as if Appellant's and his attorneys' "strategy" is simply to deny what the video depicts, to deny reality, in essence.  For the attorneys in particular, their willful blindness falls well short of the obligations they owe this Court, Appellees, and Appellees' attorneys, to not waste time and resources - and here it is worth mentioning that the resources being wasted belong to the taxpayers of the City of Dearborn.  *See Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 458 (6th Cir. 2021) ("We have imposed § 1927 sanctions where 'an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'") (internal citations omitted).  The death of Ali Naji is a tragedy, but the law in this area is as clear as the video footage.  The District Court's Opinion is unassailable.  This appeal should never have been filed.

WHEREFORE, Appellees respectfully request that this motion be granted and that the Court order all the relief it deems appropriate pursuant to Rule 38, 28 U.S.C. § 1927, and/or 28 U.S.C. § 1912.

4

Respectfully submitted,

AUGUST LAW, PLLC

By : _/s/ Michael C. Lewis_____
  Gary K. August (48730)
  Michael C. Lewis (P59139)
  Attorneys for Appellees
  363 W. Big Beaver Road, #410
  Troy, MI 48084
  (248) 833-6225
Dated: May 6, 2024  mlewis@august-law.com

## <u>CERTIFICATE OF SERVICE</u>

MICHAEL C. LEWIS, attorney with the law firm of AUGUST LAW, PLLC, being first duly sworn, deposes and says that on the 6th day of May, 2024, he caused a copy of this document to be served upon all parties of record, and that such service was made electronically upon each counsel of record so registered with the United States Court of Appeals for the Sixth Circuit, and via U.S. Mail to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. Mail.

AUGUST LAW, PLLC

By : _/s/ Michael C. Lewis_____
        Gary K. August (48730)
        Michael C. Lewis (P59139)
        Attorneys for Appellees
        363 W. Big Beaver Road, #410
        Troy, MI 48084
        (248) 833-6225
Dated: May 6, 2024        mlewis@august-law.com

6